## National Bank of the Northern Liberties, Plff. in Err., *v.* American Ship Building Co.

The sufficiency of the service of a summons to give the court jurisdiction of a party may be determined on a plea in abatement.

(Decided January 25, 1886.)

Error to the Common Pleas of Philadelphia County to review a judgment discharging a rule for judgment for want of a sufficient affidavit of defense. Affirmed.

This action was brought by the National Bank of the Northern Liberties against the American Ship Building Company upon the following promissory note:

$3,039 11/100.

New York, November 24, 1883.

Four months after date we promise to pay to the order of ourselves three thousand thirty-nine and eleven hundreths ($3,039 11/100) dollars at the United States National Bank, New York. Value received. No. 23, due March 27, '84. The American Ship Building Co.

J. F. Tams, Treasurer.

Indorsed: The American Ship Building Co.
Duly protested March 27, 1884.

J. F. Tams, Treasurer.

---

Cited in Pierson v. Gaskill, 23 Pa. Co. Ct. 116, 30 Pittsb. L. J. N. S. 250, 9 Pa. Dist. R. 554.

NOTE.—Defects in process of service in Pennsylvania have usually been taken advantage of by motions to dismiss. Winrow v. Raymond, 4 Pa. 501; Fillman's Appeal, 99 Pa. 286; Everett v. Niagara Ins. Co. 142 Pa. 322, 21 Atl. 817. A plea in abatement is resorted to in many other states. 19 Enc. Pl. & Pr. p. 707.

The return of the sheriff to the summons was in the following words:

Served the American Ship Building Company, a nonresident corporation, but engaged in business in this county, by giving, May 5, 1885, a true and attested copy of the written writ to L. J. Buckley, chief clerk of said company, and making known to him the contents thereof at the usual place of business of said chief clerk.

The defendant filed the following affidavit of defense:

County of Philadelphia, *ss.*:

Henry H. Gorringe, being duly sworn according to law, doth depose and say that he is the president of the American Ship Building Company, the defendant in above case, a corporation organized under the laws of the state of New York; that said corporation is not engaged in business in this county, and has not been so engaged since the 22d day of March, 1884; and that L. J. Buckley, upon whom the writ was served, was not at the time of service of said writ, nor has he since the 22d day of March, 1884, been, the chief clerk, nor any officer or agent of said company, nor employed by said company in any capacity whatever; and deponent further states that on the 22d day of March, 1884, upon a bill filed in the court of common pleas, No. 2, of this county, of March term, 1884, No. 365, by the Bank of New York National Banking Association, the deponent was appointed receiver of all the property, assets, and effects of said company defendant, and that no permission had been obtained by the plaintiff in above case to institute this suit.

Henry H. Gorringe.

The counsel for plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which, after full argument, was discharged, the court below delivering the following opinion:

When the supreme court overruled the practice which had existed in the courts of common pleas since the foundation of the commonwealth, they saw the necessity of a substitute for it in a plea in abatement to the jurisdiction. The defendant swears to facts which would make a good plea in abatement; hence we cannot give judgment.   It is a much more inconvenient method

of administering justice than that which existed before, but, of course, we must follow the adjudication of the supreme court.

Thereupon, plaintiff brought error.

*Wm. Henry Lex,* for plaintiff in error.—It is difficult to understand what the court below meant by stating that the supreme court had overturned the practice which had existed in the courts of common pleas since the foundation of the commonwealth. The remark was probably caused by the suggestion of the counsel for the defendant that such was the effect of the decision in the case of Benwood Iron Works v. Hutchinson, 12 W. N. C. 495.

One need only compare the return to the writ in that case with the return in the present action, to comprehend the evident distinction, and to see why the supreme court suggested a plea to the jurisdiction. There the writ was served by delivering an attested copy thereof "to Alonzo Loring, secretary of the Benwood Iron Works," etc., leaving as an open and disputable question, the fact whether it was a foreign or domestic corporation; whether it had been or was engaged in business in Pennsylvania, and as a consequence, whether Alonzo Loring, its secretary, was casually present in the jurisdiction. But here the sheriff puts all such questions at rest. He takes the responsibility of saying in his return that the American Ship Building Company, although a nonresident corporation, is, nevertheless, actually engaged in business in this county; that L. J. Buckley is its chief clerk, and that he was served with the writ at his usual place of business.

The practice has always been to hold that a return, which, on its face, shows a legal service of the writ, is sufficient and the service valid. The return is conclusive. If the sheriff has made a false return, the remedy is to sue him. Patton v. American Mut. Ins. Co. 1 Phila. 396. See also footnote to Purdon's Digest, § 30, p. 287.

The law looks at the spirit of the act of service, and the action of the legislature has, from time to time, been to enlarge the right of suitors against corporations so as to enable them to obtain service of process. Grubb v. Lancaster Mfg. Co. 10 Phila. 317; Hagerman v. Empire Slate Co. 97 Pa. 534; Crawford v. Cunard S. S. Co. 8 W. N. C. 567.

'A receiver has no legal right, but is a mere custodian to take charge of the property of a person or corporation.   He has nothing more than a possessory interest in the property or rights in action committed to his charge.   He is not invested with the legal ownership.   Yeager v. Wallace, 44 Pa. 296.

*R. C. Dale* and *S. Dickson* for defendant in error.

PER CURIAM:

The court committed no error in holding that the sufficiency of the service to give the court jurisdiction of the party might be determined on a plea in abatement.   The affidavit of defense is sufficient to prevent judgment from being ordered before the appropriate plea may be entered; therefore, judgment was properly refused.

Writ of error dismissed, at the costs of the plaintiff but without prejudice to its right to trial by jury, and a second writ of error after final judgment.